UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON TEMPLETON,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES DAVIS, et al.,<br><br>    Defendants. | 1:16-cv-01491-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO PROSECUTE<br><br>(ECF Nos. 1, 12)<br><br>OBJECTIONS, IF ANY, DUE IN 14 DAYS |

    On October 5, 2016, Plaintiff Sharon Templeton filed a complaint against James Davis, Joyce Fields-Keene, the Central California Faculty Medical Group, University Neurosurgeons, Community Medical Centers, and Community Regional Medical Center. (ECF No. 1.). Plaintiff paid the $400 filing fee on the same date.

    On October 11, 2016, this Court issued an order explaining that "[b]ecause Plaintiff is not proceeding *in forma pauperis*, it is Plaintiff's responsibility to effect service of summons and the Complaint on Defendants." (ECF No. 9 at 1.) The order further explained how to effectuate service of process upon the Defendants and warned Plaintiff that her "failure to timely complete service of the complaint on Defendants may result in dismissal of this action.

Fed. R. Civ. P. 4(m)."[1] (*Id.* at 1-3.)  Summonses were issued on October 11, 2016 for each of the named Defendants in this case. (ECF Nos. 3-8.)  No proof of service has been filed with the Court as of the date of this order.

On October 11, 2016, this Court set an initial scheduling conference for January 24, 2017 at 09:30 a.m. (ECF No. 2.)  As the hearing approached, the Court converted the initial scheduling conference to status conference because it noticed that service of process had not yet been effectuated. (ECF No. 10.)

This Court held the status conference on January 24, 2016 at 9:30 a.m.  Plaintiff failed to appear for the hearing and did not file any request for a continuance or otherwise notify the Court that she would not be able to appear at the conference.  Accordingly, the Court ordered Plaintiff to show cause why sanctions, up to and including dismissal, should not be issued for her failure to comply with this Court's orders and for her failure to prosecute this case. (ECF No. 12.)  The Court further ordered Plaintiff to show cause why this case should not be dismissed for failure to effectuate service of process in accordance with its October 11, 2016 order (ECF No. 9) and the Federal Rules of Civil Procedure. (*Id.*)  Plaintiff was cautioned that failure to respond to the Order to Show Cause may result in the dismissal of this action. (*Id.*)

The deadline to respond to the Order to Show Cause was January 31, 2016. (*Id.*)  The time period has expired, and Plaintiff has not responded.  Therefore, the Court recommends that this action be dismissed, without prejudice, for failure to prosecute and failure to comply with a court order.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the

---

[1] Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since October 2016. Summons were issued around the same time, but it is now February 2017 and no proof of service has been filed. The time to effectuate service under Rule 4(m) of the Federal Rules of Civil Procedure has expired.

As to the Court's need to manage its docket, the Court specifically informed Plaintiff on how to effectuate service, but Plaintiff appears to have refused to follow those instructions. The Court set a status hearing for January 24, 2017, but Plaintiff failed to appear. The Court then directed Plaintiff to file a written response to its Order to Show Cause, but Plaintiff failed to timely respond. Thus, the Court is expending judicial resources issuing orders that Plaintiff appears to be disregarding. Accordingly, the second factor weighs heavily in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Pagtalunan 291 F.3d at 642 (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to effectuate service and prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed without prejudice, based on Plaintiff's failure to prosecute the case, failure obey the Court's orders, and failure to effectuate service of process.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 14, 2017**                  /s/ Erica P. Grosjean
                                                                          UNITED STATES MAGISTRATE JUDGE